IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PROXITY ELECTRONIC COMMERCE SYSTEMS, LLC<br>35246 US Highway 19 N #196<br>Palm Harbor, FL 34684<br><br>Plaintiff,<br><br>v.<br><br>GENERAL SERVICES ADMINISTRATION<br>1800 F Street, NW<br>Washington, D.C. 20405<br><br>Defendant, | No. 22-cv-2499 |

## COMPLAINT

1. Plaintiff, Proxity Electronic Commerce Systems, LLC ("Proxity"), by and through counsel, bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for injunctive and other appropriate relief and seeking disclosure and release of agency records improperly withheld by the General Services Administration ("GSA").

## PARTIES

2. Proxity[1] is an employee-owned small business that provides data to roughly 1,500 small businesses, procurement technical assistance centers, and small business development centers. This is designed to assist firms in identifying federal opportunities and understanding the federal marketplace, to include identifying competitors and potential teaming partners. Proxity provides its clients an integrated database of research data as well as solicitations and awards

---

[1] Proxity's address as listed with the Florida Department of State has changed since the FOIA request at issue in this Complaint. The address listed in the caption of this Complaint is correct.

from all aspects of the procurement community.

3. Defendant is an independent administrative agency of the government of the United States within the meaning of 5 U.S.C. § 551(1).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), which confers jurisdiction upon the District Court for the District of Columbia to enjoin the GSA from withholding agency records and to order the production of GSA records improperly withheld under the FOIA. This Court also has jurisdiction under 28 U.S.C. § 1331, which confers jurisdiction on United States District Courts to hear cases arising under the federal laws of the United States, including appeals arising under the FOIA.

5. Venue is proper pursuant to both 5 U.S.C. § 552(a)(4)(B), which provides the United States District Court for the District of Columbia as a venue for cases arising under an appeal of GSA's denial of a request under the FOIA, and 28 U.S.C. § 1391(e), which provides for cases against the GSA to be brought in the District Court for the District of Columbia as the location where a substantial part of the events giving rise to this claim occurred.

6. This Court has authority to render the injunctive relief requested pursuant to 5 U.S.C. § 552(a)(4)(B).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND TIMELINESS

7. Proxity timely appealed the GSA's denial of its initial request on December 30, 2021. A final disposition on the appeal was rendered on April 4, 2022. Under these circumstances, Proxity has exhausted its administrative remedies.

8. As this Complaint is being filed within six years of the GSA's final adjudication of Proxity's appeal, it is timely. *See* 28 U.S.C.§ 2401(a).

## RELEVANT BACKGROUND AND RELATED REQUESTS

9. The GSA is the primary federal agency responsible for maintaining the System for Award Management ("SAM.gov") database, which is the required registry for all firms desiring to do business with the federal government. The predecessor to SAM.gov was the Central Contractor Registration ("CCR"), which was maintained by the Department of Defense. There are currently approximately 840,000 registered contractors in SAM.gov. In addition to registering, SAM.gov users may use the site to search for entity registration and exclusion records. They may also search for assistance listings, wage determinations, contract opportunities, and contract data reports. As is relevant here, users may also access publicly available contractor and award data via data extracts which are updated periodically.

10. Proxity had previously requested the information at issue via a FOIA request made to the GSA on June 6, 2010. This requested, among other data, the business phone number and emails for all contractors listed in the SAM.gov registry. While the GSA initially denied this former request, it reversed its decision that same year and provided the requested information. The GSA also began publishing a public extract on the SAM.gov website which listed the data Proxity requested and consequently obviated Proxity's need to submit subsequent FOIA requests for this information.

11. Until approximately August of 2021, SAM.gov continued to post a monthly public extract listing the information Proxity required. At that point in time, however, the GSA then began to omit emails and phone numbers from its downloadable public extract. The GSA did maintain a separate extract accessible only to government officials and which included that information. The GSA continues to maintain this non-public extract. As such, it has this record in its possession for purposes of FOIA disclosure.

12. Because the accessible public extract now omits contact details, on September 23, 2021 Proxity submitted a FOIA request for the information (FOIA No. GSA-2021-001723)(the "September Request"). In denying the request, the GSA cited privacy concerns in disclosing the information. It cited to a December 3, 2019 email where the Information System Security Officer ("ISSO"), Integrated Award Environment ("IAE"), for the GSA recommended that the point of contact email addresses and phone numbers be removed "from the current API response." This was in response to a SAM.gov security risk that was identified: "The SAM API does not restrict access to registration contact information and that information is harvested utilizing unlimited API keys."

13. Since the time of the 2019 ISSO recommendation and the removal of this information from the public extract, the Sam.gov login system now requires a two-step process whereby a user must enter a code sent to their phone number provided during account registration.

14. This ISSO recommendation was communicated to the GSA over a year and a half before the GSA removed point of contact email addresses and phone numbers from the public extract.

15. This business contact information requested via the September Request is obtainable from other government registration sources maintained by the GSA. These include eLibrary, which is a catalog of GSA contracts at: https://gsaelibrary.gsa.gov/ElibMain/home.do. Also, such information is available with respect to holders of Government-wide acquisition contracts ("GWACs") at: https://www.gsa.gov/technology/technology-purchasing-programs/governmentwide-acquisition-contracts-gwacs. These other databases, however, do not include all SAM.gov registrants, but only those contractors participating in GSA contract

opportunities.

16.     The Small Business Administration also receives a monthly download from GSA/SAM of new small business registrations. This lists business phone numbers and email addresses and is available at: https://web.sba.gov/pro-net/search/dsp_dsbs.cfm.

17.     The U.S. Department of Veterans' Affairs VetBiz registry also includes a search function for its database all verified service-disabled veteran-owned small businesses and veteran-owned small businesses. This lists the phone numbers and email address for each listed entity. The search function is available at: https://www.vetbiz.va.gov/basic-search/.

18.     This information may also be obtained via non-government sites and databases. This includes company websites maintained by businesses themselves, as well as external websites that compile information about federal contractors to include Manta, GovTribe, and others.

19.     There is no database as inclusive as the non-public extract maintained by the GSA. The non-public extract pulls information from all SAM.gov registrations; i.e., all firms registered to do business with the federal government. While Proxity may be able to re-construct the data at issue here from other sources, this would be only to a limited extent. It would also be extremely cumbersome process because it would require Proxity to research each firm individually across various means of validation.

### PLAINTIFF'S FOIA REQUEST AT ISSUE

20.     As noted above, on September 23, 2021 Proxity submitted a FOIA Request (Request No. GSA-2021-001723)(the "September Request") to the GSA. This stated:

> Pursuant to the Freedom of Information Act ("FOIA"), I write to request the following information as maintained by the General Services Administration within the

beta.sam.gov database ("Beta Sam")[2] for each active, registered federal government contractor: Business Name, Business Address, Phone Number, Business Email, Business DUNS.

21. The September 2021 request was initially submitted anonymously for Proxity via its legal counsel, Sarah Reida of Legal Meets Practical, LLC.

### GSA'S INITIAL IMPROPER COMMUNICATION OF A "FULL GRANT"

22. On October 15, 2021, GSA responded to the September Request and stated: "Sam.gov registrations do not contain Business Phone Number nor Business Email. As these data elements are not captured, this information cannot be provided." It also provided instructions for accessing the monthly public extract.

23. The email transmittal referred to the response as a "full grant." No appeal options were relayed in the GSA October Letter.

24. The next week, Ms. Reida had a conversation with the GSA FOIA Public Liaison. This individual relayed that a report as desired (i.e., one including contact phone numbers and emails for business contacts) did not exist. The GSA later acknowledged this was incorrect but that it could not be provided due to privacy implications.

### PROXITY'S SUBSEQUENT REQUEST FOR CLARIFICATION AND GSA RESPONSE

25. On October 25, 2021, Ms. Reida sent a follow-up letter via email. This letter noted: "GSA does maintain a record of contractor information which includes all fields as noted above: Business Name, Business Address, Business Phone Number, Business Email, Business DUNS. As such, if GSA maintains this record and it is disclosable under FOIA, it has the obligation to disclose this information." (the "Proxity October Letter").

---

[2] Around the time of the request, SAM.gov was referred to as Beta.SAM.gov. SAM.gov and Beta.SAM.gov have merged and Beta.SAM.gov was decommissioned. It is now known as SAM.gov.

26. The Proxity October Letter requested the GSA to confirm whether the record as requested existed; in the event of denial of disclosure, it requested GSA to provide the basis of the denial and applicable appeal rights.

27. On November 3, 2021, the GSA replied to the Proxity October Letter. In denying disclosure of the non-public extract, it cited its determination that "withholding the individual contact telephone numbers and email addresses of SAM.gov registrants is appropriate, as disclosure would constitute a clearly unwarranted invasion of privacy under 5 U.S.C. § 552(b)(6)(the "GSA November Letter").

28. The GSA November Letter cited to the increase in the number of registrants as individuals since the passage of the American Rescue Plan and other legislation funding pandemic response and economic revitalization measures. It represented that "these individuals have an expectation of privacy in their contact information, which constitutes an increased security and privacy risk when aggregated on the public extract."

29. On November 12, 2021, Proxity counsel via email sent a letter to clarify that the GSA November Letter constituted a denial of the September Request. GSA confirmed as such via email on November 14, 2021, where it characterized it as a "partial denial."

**PROXITY'S ADMINISTRATIVE APPEAL AND SUBSEQUENT DENIAL BY GSA**

30. On December 30, 2021, Proxity timely filed an appeal of the denial (the "Appeal"). A true and correct copy of this Appeal and the corresponding exhibits, to include the September Request and subsequent letters, is attached to this Complaint as Exhibit "A."

31. Among other points, the Appeal noted that the information had been specifically and voluntarily designated by the provider as "business information." It also cited to other public means of accessing this business contact information. While providing reasons for public interest

in disclosure, the Appeal argued that any balancing analysis to be conducted following the implication of a privacy interest at 5 U.S.C. § 552(b)(6) was inapplicable. No substantial privacy interest applied. The Appeal re-iterated the request for GSA to "disclose the database it maintains which is currently only provided to federal officials and includes the information as requested above."

32. On March 22, 2022, Ms. Reida contacted the FOIA Program Manager at GSA to disclose that the request had been made on behalf of Proxity. She asked if its name could be included on the appeal decision as a requestor, which GSA relayed it could accommodate.

33. On April 3, 2022, the GSA denied Proxity's administrative appeal.[3] (Exhibit "B," Final Disposition). Repeating the points made in its previous correspondence, GSA upheld its prior decision not to disclose the non-public extract which included the business contact phone numbers and email addresses of listed contractors.

## COUNT I

### THE GSA'S DENIAL OF THE NON-PUBLIC EXTRACT IN NON-REDACTED FORM WITH RESPECT TO POINT OF CONTACT PHONE NUMBERS VIOLATES THE FREEDOM OF INFORMATION ACT

34. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

35. The *phone numbers* as referenced in Paragraph 25 were properly and timely included within the scope of Plaintiff's September Request, as clarified by the Proxity October Letter which referred to and asked for the non-public extract specifically. The only difference between the public and the non-public extract is the latter's inclusion of point of contact phone

---

[3] The decision was later corrected to reflect an error in Proxity's name and to include its business address.

numbers and email addresses for each entity registered in SAM.gov.

36. The phone numbers in Paragraph 25 do not elicit, and are designed to disallow, information protected by Exemption 6 to the FOIA. These phone numbers are specifically and voluntarily designated by the registering firm as business phone numbers. The privacy interest protected by Exemption 6 applies only to individuals.

37. Furthermore, there is no significant privacy interest in an entity's registration in SAM.gov. SAM.gov is a database which identifies those registered to do business with the federal government. There is not a significant privacy interest in such a registration or in the identification of a firm or individual owner as associated with such a registration. This contact information is also available from other public and government sources, as described above.

38. Last, there is no cognizable security and/or privacy risk "when aggregated on the public extract," as is cited by the GSA in its Final Disposition with no elaboration. Any perceived risk must be minimal considering the GSA did not implement the ISSO's recommendation with respect to removing the information for over a year and a half. Also, the GSA had also since implemented a two-step login process for Sam.gov users, which it still utilizes.

39. While a balancing act is not required because there is no implication of a privacy interest, any minimal intrusion is outweighed by the disclosure of the information. Making this information available makes these contractors more accessible to potential teaming partners and others within the federal marketplace. With respect to Proxity's use of the information, this is disseminated to procurement technical assistance centers and private firms for purposes of contacting contractors with teaming opportunites and to offer services and resources that may better their ability to compete in the federal marketplace. This enhances those goods and services

offered to the federal government.

40. The GSA's failure to disclose the non-public extract as including phone numbers in response to Proxity's request constitutes a violation of the FOIA.

## **COUNT II**

**THE GSA'S DENIAL OF THE NON-PUBLIC EXTRACT IN NON-REDACTED FORM WITH RESPECT TO POINT OF CONTACT EMAIL ADDRESSES VIOLATES THE FREEDOM OF INFORMATION ACT**

41. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

42. The email addresses as referenced in Paragraph 25 were properly and timely included within the scope of Plaintiff's September Request, as clarified by the Proxity October Letter which referred to and asked for the non-public extract specifically. The only difference between the public and the non-public extract is the latter's inclusion of point of contact phone numbers and email addresses for each entity registered in SAM.gov.

43. The email addresses in Paragraph 25 do not elicit, and are designed to disallow, information protected by Exemption 6 to the FOIA. These phone numbers are specifically and voluntarily designated by the registering firm as business phone numbers. The privacy interest protected by Exemption 6 applies only to individuals.

44. Furthermore, there is no significant privacy interest in an entity's registration in SAM.gov. SAM.gov is a database which identifies those registered to do business with the federal government. There is not a significant privacy interest in such a registration or in the identification of a firm or individual owner as associated with such a registration. This contact information is also available from other public and government sources, as described above.

45. Last, there is no cognizable security and/or privacy risk "when aggregated on the

public extract," as is cited by the GSA in its Final Disposition with no elaboration. Any perceived risk must be minimal considering the GSA did not implement the ISSO's recommendation with respect to removing the information for over a year and a half. Also, the GSA had also since implemented a two-step login process for Sam.gov users, which it still utilizes.

46. While a balancing act is not required because there is no implication of a privacy interest, any minimal intrusion is outweighed by the disclosure of the information. Making this information available makes these contractors more accessible to potential teaming partners and others within the federal marketplace. With respect to Proxity's use of the information, this is disseminated to procurement technical assistance centers and private firms for purposes of contacting contractors with teaming opportunites and to offer services and resources that may better their ability to compete in the federal marketplace. This enhances those goods and services offered to the federal government.

47. The GSA's failure to disclose the non-public extract as including email addresses in response to Proxity's request constitutes a violation of the FOIA.

## **REQUESTED RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court enter an order:

1. Declaring that the GSA has wrongfully withheld the requested agency records (the non-public extract) and finding the GSA's actions in violation of the FOIA;

2. Requiring the GSA to disclose the non-public extract in its non-redacted form which includes entity point of contact phone numbers (Count I) and email addresses (Count II);

3. Requiring the GSA to include this requested information in its public extract as available on Sam.gov; and

4. Enjoining the GSA from refusing future FOIA requests for the non-redacted non-public extract;

5. Awarding Plaintiff its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Granting such other relief as the Court may deem just and proper.

Dated: August 20, 2022

Respectfully submitted,

/s/ Thomas G. Saunders
Thomas G. Saunders (bar # 503012)
Wilmer Cutler Pickering
   Hale and Dorr LLP
1875 Pennsylvania Ave, NW
Washington, D.C. 20006
(202) 663-6000

*Counsel for Proxity Electronic Commerce Systems, LLC*